YM

FILED

MARCH 10, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

08 C 1417

CYNTHIA KOLAKOWSKI,

Plaintiff,

vs.

TAYLOR DISTRIBUTORS OF INDIANA, INC.,

Defendant.

JUDGE CASTILLO
MAGISTRATE JUDGE MASON

COMPLAINT

The plaintiff, by her attorney, Stephen B. Horwitz, complains against the defendant as follows:

COUNT I

1. This action is brought under § 501(a)(1)(A) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(A), to enforce plaintiff's rights under the group health plan continuation of coverage sections of ERISA, 29 U.S.C. § 1161, *et seq.*, commonly known as "COBRA." This court has exclusive jurisdiction to entertain this action pursuant to ERISA § 502(e)(1), and venue lies within this judicial district, pursuant to ERISA § 502(e)(2), because this is where the statutory breaches complained of have taken place.

2. The plaintiff, Cynthia Kolakowski, resides in Elgin, Illinois, within this judicial district, and, until the termination of her employment with the defendant, on or about June 8, 2007, plaintiff was an employee of the defendant, working at defendant's facility located in Elk Grove Village, Illinois.

3. The defendant, Taylor Distributors of Indiana, Inc. ("Taylor Indiana"), is an

Indiana corporation, and maintains its principal place of business in Greenwood, Indiana. As of the date of the termination of plaintiff's employment, on or about June 8, 2007, the Elk Grove Village facility where plaintiff was employed maintained a corporate existence under the name of Taylor Chicago Distributors, Inc. ("Taylor Chicago"), but on or about November 9, 2007, the Illinois Secretary of State involuntarily dissolved Taylor Chicago. Upon information and belief, during times material to the allegations of this complaint: (a) Taylor Chicago was a wholly owned subsidiary of the defendant Taylor Indiana, (b) Taylor Chicago and Taylor Indiana had common officers, (c) Taylor Indiana exercised control over employment related matters with respect to those of its employees who were employed at Taylor Indiana's facility in Elk Grove Village, and/or (d) Taylor Indiana was responsible for, but defaulted that responsibility in plaintiff's case, in initiating, processing or issuing continuation of health insurance required by COBRA.

4. During times material to the allegations of this complaint, one of the employment related matters of Taylor Chicago over which Taylor Indiana exercised control was the provision of health insurance benefits for Taylor Chicago employees. Employees of both Taylor Indiana and Taylor Chicago, including the plaintiff, were covered by a "group health plan," as that term is defined by ERISA § 607(1), known as the Aetna Small Group PPO (Grp. No. 464624-58-000). Upon information and belief, during all times material to the allegations of this complaint, the defendant, Taylor Indiana, has been the "plan sponsor" – as that term is used in ERISA § 601(a), 29 U.S.C. § 1161(a) – of the Aetna Small Group PPO. As plan sponsor, Taylor Indiana, the employer maintaining the Aetna Small Group PPO on behalf of employees of both Taylor Indiana and Taylor Chicago, employed 20 or more employees. Consequently, prior to Taylor

Chicago's dissolution, Taylor Indiana and Taylor Chicago were joint employers.

5. As an employee of the defendant, Taylor Indiana, plaintiff had enrolled in the Aetna Small Group PPO. By virtue of her participation in the Aetna Small Group PPO, plaintiff was a "covered employee," as that term is defined by ERISA § 607(2). For purposes of ERISA's notice requirements, plaintiff was also a "qualified beneficiary" by virtue of ERISA § 607(3)(B).

6. Plaintiff's termination of employment, on or about June 8, 2007, constituted a "qualifying event" under ERISA § 603(2), 29 U.S.C. § 1163(2), and her termination of employment was not due to any misconduct on her part.

7. At all times material to the allegations of this complaint, plaintiff resided at 1341 Providence Circle, Elgin, Illinois 60120, and plaintiff's address was on record with the defendant. On or about December 1, 2007, plaintiff received from Aetna, the insurance carrier for defendant's group health plan, a Certificate of Prior Health Coverage, dated November 23, 2007, which informed plaintiff that her coverage under the Taylor Indiana group health plan had terminated three months earlier, on September 1, 2007. (Attached hereto as Exhibit A is the Certificate of Prior Coverage dated 11/23/07.) As of December 1, 2007, nearly six months following the termination of her employment with defendant, plaintiff had not received the notice required by ERISA § 606(a)(2), 29 U.S.C. § 1166(a)(2).

8. Pursuant to ERISA § 606(a)(2), and within 30 days of plaintiff 's termination from defendant's employ, or no later than July 8, 2007, defendant was obligated to notify the administrator of the Aetna Small Group PPO – the group health plan that had provided coverage to plaintiff – about the occurrence of the qualifying event described in ¶ 6 hereof. In turn, pursuant to ERISA § 606(a)(4)(A), and within 14 days after the Aetna Small Group PPO administer-

tor's receipt of the notice required by ERISA § 606(a)(2), or no later than July 22, 2007, the administrator would have had to notify plaintiff of her right to "continuation of coverage" under the Aetna Small Group PPO, as that term is defined by ERISA §§ 601(a) and 602(1)(2).

9. On or about December 5, 2007, shortly after her receipt of the Certificate of Prior Coverage, as alleged in ¶ 7 hereof, plaintiff notified one of defendant's officers, Kory Witmer, that her coverage under the Aetna Small Group PPO had lapsed, but that plaintiff had never received the required COBRA continuation notice. On or about January 7, 2008, plaintiff once again inquired of defendant about the lapsed status of coverage under the Taylor Indiana group health plan, by forwarding an e-mail to Kory Witmer. On January 8, 2008, Kory Witmer responded to plaintiff's e-mail of the previous day, stating in material part as follows:

> Kyle [Witmer, defendant's president] assumed after three months you would have health coverage thru your new employer, and was very lax about sending you the cobra forms, which was completely our fault, and we will make right, you have my word on that.

(Attached hereto as Exhibit B are the e-mails between plaintiff and defendant, dated 1/7-8/08.)

10. Defendant's alleged continuation of plaintiff's health care coverage, through August 2007, under defendant's group health plan, i.e., the Aetna Small Group PPO – which plaintiff knew nothing about until being so advised in Kory Witmer's e-mail of January 8, 2008 – did not relieve defendant of the obligation to provide the statutory notifications required by ERISA § 606. Had plaintiff received notification of her right to elect to continue coverage she would have opted for such coverage.

11. By defendant's failure to notify the plan administrator of the Taylor Indiana Aetna Small Group PPO, within 30 days following plaintiff's termination of employment on June 8,

2007, then, pursuant to ERISA § 3(A)(ii), 29 U.S.C. § 1002(16)(A)(ii), defendant, as plan sponsor, assumed the role of plan administrator.

12. As a direct and proximate cause of defendant's failure to provide the required COBRA notices to plaintiff and/or the administrator of defendant's group health care plan, as required by ERISA §§ 606(1)(a), 602(1)(2), and 606(a)(4)(A), plaintiff has been deprived of the opportunity to make an election of continuation coverage that she was entitled to under ERISA § 602. Consequently, plaintiff has incurred, and will continue to incur, medical expenses that otherwise would have been covered under the Taylor Indiana group health plan, because had plaintiff been afforded the opportunity to elect continuation of health care coverage she would have exercised her right for continuation of coverage.

WHEREFORE, plaintiff prays that on account of defendant's violations of COBRA, as set forth in Count I herein, that judgment be entered in her favor and against defendant, as follows:

A. That the Court declare that defendant violated, *inter alia*, ERISA §§ 606(1)(a), 602(1)(2), and 606(a)(4)(A), when defendant failed to initiate the COBRA notification procedures that would have afforded plaintiff the opportunity to elect continuation of coverage under the Taylor Indiana group health plan.

B. That the Court order defendant to reimburse plaintiff for all medical expenses she has and will incur during the 18 month period ending December 8, 2008, expenses that would other-wise have been covered by the Taylor Indiana group health plan had defendant not deprived plaintiff the opportunity to elect coverage under that group health plan.

C. That the Court order defendant to reimburse plaintiff for all medical expenses she will

incur for 36 month following the qualifying event, or until June 8, 2010, in the event that prior to December 8, 2008, another qualifying event occurs, pursuant to ERISA § 602(2)(A)(ii).

D. That the Court order defendant to pay to plaintiff $100 per day pursuant to ERISA § 502(c)(1), for each day since July 8, 2007, for defendant's failure to provide plaintiff with the required COBRA notices.

E. That the Court order defendant to pay reasonable attorney's fees to plaintiff's attorney, and that defendant be taxed with the cost of this action, pursuant to ERISA § 502(g)(1).

F. That the Court order such other and further relief as it deems just.

COUNT II

13. Count II of this complaint is brought under § 501(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), to redress the violation of plaintiff's rights under ERISA § 510, 29 U.S.C. § 1140. This court has exclusive jurisdiction to entertain this action pursuant to ERISA § 502(e)(1).

14. Plaintiff re-alleges and incorporates by reference paragraphs 2 through 12, inclusive, of Count I, as allegations of Count II.

15. In or about July 2005, the defendant established a "defined contribution plan," as that term is defined by ERISA § 3(34), that was commonly known as the Taylor Chicago Distributors, Inc. 401(k) Plan (the "401(k) Plan"). Contemporaneous with the establishment of the 401(k) Plan, another individual account plan of the profit sharing variety that was maintained by defendant was terminated, and assets in the individual accounts of profit sharing plan participants were rolled-over into the appropriate individual accounts of 401(k) Plan participants. Plaintiff had been a participant of the profit sharing plan, and upon the establishment of the

401(k) Plan, she became a participant in that Plan. Upon information and belief, Fidelity Investment was the custodian of 401(k) Plan assets and defendant, or defendant's president, Kyle Witmer, was the 401(k) Plan administrator.

16. In or about the 1st quarter of 2007, plaintiff learned that since in or about the 3rd quarter of 2005, 401(k) contributions that were regularly deducted from the pay checks of defendant's employees who were 401(k) Plan participants, plaintiff included, had not been remitted by defendant to Fidelity Investment, nor had defendant made its share of 401(k) Plan contributions on behalf of 401(k) Plan participants. On or about March 16, 2007, a day when defendant's president, Kyle Witmer was at defendant's Elk Grove Village facility for business meetings, plaintiff informed Witmer that she had learned about defendant's failure to remit 401(k) Plan contributions, both those made by participants and those that were required to be made by the defendant, to Fidelity Investments. Witmer, however, provided answers to plaintiff's inquiries about the 401(k) Plan that were neither responsive nor truthful.

17. After her conversation with Witmer, as alleged in ¶ 16 hereof, plaintiff contacted the Employee Benefits Security Administration ("EBSA") of the United States Department of Labor ("DOL"), and complained about the defalcation by defendant of 401(k) Plan contributions. (Attached hereto as Exhibit C is the e-mail communication between plaintiff and the EBSA.)

18 Prior to her complaint to EBSA about defendant's failure to make and remit contributions to the 401(k) Plan, plaintiff had been a highly regarded employee among defendant's officers and managers. Thereafter, however, plaintiff began to be criticized by her supervisors, and on at least one occasion following her complaint to the EBSA, Mark Galyean a manager for defendant, informed plaintiff that she should not have complained to the government

about the 401(k) Plan.

19. On or about May 25, 2007, plaintiff submitted her notice of resignation to defendant that would take effect two weeks hence, or on or about June 8, 2007. On or about June 4, 2008, plaintiff, made an e-mail inquiry to defendant about COBRA continuation, and later that day defendant's president, Kyle Witmer, informed plaintiff that she would be covered by health insurance until the end of the month, i.e., June, 2007, and that defendant "will get you COBRA information for any additional months." (Attached hereto as Exhibit D are the e-mail exchanges between plaintiff and defendant of 6/4-5/07.)

20. As more fully explained in ¶¶ 8-11 of Count I of this complaint, defendant never provided to plaintiff the continuation of health insurance notification as required by COBRA. Upon information and belief, defendant's failure to provide plaintiff with the continuation of health insurance notification as required by COBRA, was, in whole or in part, in retaliation for plaintiff's complaint to ESBA as alleged in ¶ 17 hereof. By its failure to provide plaintiff with continuation of health insurance notification as required by COBRA, defendant "discriminated" against plaintiff, and defendant thereby interfered with and prevented plaintiff, as a participant in the Taylor Indiana Aetna Small Group PPO, from exercising her right to elect and secure continuation of health insurance coverage, all in violation of ERISA § 510.

WHEREFORE, plaintiff prays that on account of defendant's violations of ERISA § 510, as set forth in Count II herein, that judgment be entered in her favor and against defendant, as follows:

A. That the Court declare that defendant violated ERISA § 510, when defendant failed to initiate the COBRA notification procedures that would have afforded plaintiff the opportunity to

elect continuation of coverage under the Taylor Indiana Aetna Small Group PPO, because plaintiff had complained to EBSA about defendant's 401(k) Plan.

B. That the Court order defendant to reimburse plaintiff for all medical expenses she has and will incur during the 18 month period ending December 8, 2008, expenses that would otherwise have been covered by the Taylor Indiana group health plan had defendant not deprived plaintiff the opportunity to elect coverage under that group health plan, because plaintiff had complained to EBSA about defendant's 401(k) Plan.

C. That the Court order defendant to reimburse plaintiff for all medical expenses she will incur during any and all periods she would otherwise have been entitled to the continuation of health insurance coverage as required by COBRA, but which continuation of coverage plaintiff was unable to elect and secure on account of defendant's violation of ERISA § 510.

D. That the Court order defendant to pay reasonable attorney's fees to plaintiff's attorney, and that defendant be taxed with the cost of this action, pursuant to ERISA § 502(g)(1).

E. That the Court order such other and further relief as it deems just.

Respectfully Submitted,

Stephen B. Horwitz
Attorney for Plaintiff

Sugarman & Horwitz, LLP
221 N. LaSalle St., Ste. 626
Chicago, IL 60601-1241
(312) 629-2920