UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CYNTHIA KOLAKOWSKI, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> TAYLOR DISTRIBUTORS OF ) <br> INDIANA, INC., ) <br> ) <br> Defendant. ) | 08 C 1417 <br><br> Judge Castillo <br> Magistrate Judge Mason |

## MOTION TO DISMISS PURSUANT TO RULES 12(B)(2), 12(B)(6) and 12(B)(7)

Comes now defendant, Taylor Distributors of Indiana, Inc. (Taylor Indiana), by counsel, and moves the Court to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(B)(2), 12(B)(6) and 12(B)(7), and in support of this motion, states that the Complaint is insufficient in law for the following reasons:

1. That the plaintiff in this matter ("Kolakowski") alleges in Count I of her complaint that the defendant, as plaintiff's employer, failed to notify the administrator of defendant's group health plan, Aetna Small Group PPO, and that in turn the administrator failed to timely notify Plaintiff of her right to continuation coverage.

2. That the plaintiff in this matter ("Kolakowski") alleges in Count II of her complaint that the defendant, as plaintiff's employer, intentionally failed to provide COBRA notification to Kolakowski in retaliation for complaints plaintiff had previously made to the Employee Benefits Security Administration of the U.S. Department of Labor.

3. That Defendant, Taylor Indiana was never plaintiff's employer.

4. That Defendant Taylor Indiana is an Indiana Corporation and maintains its principal

place of business in Greenwood, Indiana.

5. That Defendant is not now, nor ever was responsible for initiating, processing, or issuing continuation health insurance required by COBRA with regard to the Plaintiff.

6. Plaintiff's allegations in both Count I & Count II of her complaint, fail to state a recoverable claim upon which relief can be granted against named Defendant because Taylor Indiana was not Kolakowski's employer nor was it responsible for notifying Kolakowski of her right to continuation coverage.

7. Plaintiff's complaint, also fails to join a party under Rule 19, namely Kolakowski's previous employer and/or the party responsible for notifying her of her right to continuation coverage under COBRA.

8. This Illinois Federal Court does not have personal jurisdiction over Defendant Taylor Indiana, as an Indiana Corporation that maintains its principal place of business in Greenwood, Indiana.

9. For any and all of the reasons cited above, the Court should dismiss plaintiff's complaint pursuant to Rules 12(B)(2), 12(B)(6) and/or 12(B)(7) because it lacks personal jurisdiction over Defendant Taylor Indiana, because Kolakowski was never employed by Taylor Indiana and/or because Plaintiff failed to join a party under Rule 19.

WHEREFORE, Defendant Taylor Indiana, by counsel, respectfully requests this Court to dismiss Plaintiff's complaint, and for all other just and proper relief.

Respectfully submitted,

SPELLMIRE & SOMMER


By: _____/s_____
       James W. Davidson


Thomas W. Vander Luitgaren
VAN VALER LAW FIRM
299 West Main Street
Greenwood, IN  46142

James W. Davidson
Spellmire & Sommer
77 W. Wacker Drive
Ste. 4800
Chicago, IL  60601
(as local counsel for Defendant)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CYNTHIA KOLAKOWSKI, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) 08 C 1417 ) |
| TAYLOR DISTRIBUTORS OF INDIANA, INC., | ) Judge Castillo ) Magistrate Judge Mason |
| Defendant. | ) ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Comes now the defendant, Taylor Distributors of Indiana, Inc., by counsel, and having filed its Motion to Dismiss Pursuant to Rules 12(B)(2), 12(B)(6) and 12(B)(7); and

The Court, having examined the same and being duly advised, now finds that the Complaint originally filed by plaintiffs fails to state a claim upon which relief can be granted and fails to join a party. The Court also finds that it lacks personal jurisdiction over named defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT this matter be and the same hereby is dismissed pursuant to Rules 12(B)(2), 12(B)(6) and 12(B)(7).

SO ORDERED this ___ day of _____, 2008.

_____
Judge

DISTRIBUTION:

Stephen B. Horwitz
SUGARMAN & HORWITZ, LLP
221 N. LaSalle St., Ste. 626
Chicago, IL 60601-1241

Thomas W. Vander Luitgaren
VAN VALER LAW FIRM
299 West Main Street
Greenwood, IN 46142

Lisa Sommer
Spellmire & Sommer
77 W. Wacker Drive
Ste. 4800
Chicago, IL 60601
(as local counsel for Defendant)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following parties via electronic filing and United States Mail, First Class and postage prepaid this 30th day of May, 2008.

Stephen B. Horwitz
SUGARMAN & HORWITZ, LLP
221 N. LaSalle St., Ste. 626
Chicago, IL 60601-1241

                                                                               /s/
                                                    James W. Davidson

Thomas W. Vander Luitgaren
VAN VALER LAW FIRM
299 West Main Street
Greenwood, IN  46142

James W. Davidson
Spellmire & Sommer
77 W. Wacker Drive
Ste. 4800
Chicago, IL  60601
(as local counsel for Defendant)