UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA KOLAKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 1417 |
| | ) | |
| TAYLOR DISTRIBUTORS OF | ) | Judge Castillo |
| INDIANA, INC., | ) | Magistrate Judge Mason |
| | ) | |
| Defendant. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Comes now the defendant, Taylor Distributors of Indiana, Inc., by counsel, and would submit herein its Answers and Affirmative Defenses to the plaintiff's Complaint.

## ANSWER

Comes now Taylor Distributors of Indiana, Inc., and for its Answer to the plaintiff's Complaint, would show the Court as follows:

## COUNT I

1. Defendant denies that this court has exclusive jurisdiction. Defendant admits the other allegations contained in paragraph 1 of the plaintiff's complaint.

2. Defendant denies that plaintiff was an employee of Taylor Distributors of Indiana, Inc. (Taylor Indiana). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the plaintiff's complaint.

3. Defendant admits that Taylor Indiana is an Indiana Corporation and maintains its principal place of business in Greenwood, Indiana. Defendant denies that Taylor Chicago Distributors, Inc. (Taylor Chicago) was a wholly owned subsidiary of the Defendant, Taylor Indiana.

Defendant admits that Taylor Chicago and Taylor Indiana had common officers. Defendant denies that Taylor Indiana exercised control over employment related matters at the facility in Elk Grove Village. Defendant denies responsibility for initiating, processing, or issuing continuation health insurance required by COBRA with regard to the Plaintiff.

4. Defendant denies that Taylor Indiana and Taylor Chicago were joint employers. Defendant denies that Taylor Indiana exercised control over health benefits for Taylor Chicago's employees. Defendant denies that Taylor Indiana has been the "plan sponsor" but admits employees from both Taylor Indiana and Taylor Chicago were covered by a group health plan. Upon information and belief, Defendant admits that Taylor Chicago Distributors, Inc. was administratively dissolved on or about November 9, 2007 for failure to file its annual report; however, it has since been reinstated. Defendant admits the other allegations contained in paragraph 4 of the plaintiff's complaint.

5. Defendant denies that plaintiff was an employee of Taylor Indiana. Defendant admits the remaining allegations contained in paragraph 5 of the plaintiff's complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the plaintiff's complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the plaintiff's complaint.

8. Defendant denies that July 8, 2007 was 30 days from Plaintiff's last day of employment. Defendant admits the other allegations contained in paragraph 8 of the plaintiff's complaint.

9. Defendant admits the allegations contained in paragraph 9 of the plaintiff's complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was unaware of the Defendant's continuation of Plaintiff's health coverage. Defendant also lacks knowledge or information sufficient to form a belief as to the truth of the allegations that had Plaintiff received timely notification of he right to elect, she would have so opted. Defendant admits the other allegations contained in paragraph 10 of the plaintiff's complaint.

11. Defendant denies the allegations contained in paragraph 11 of the plaintiff's complaint.

12. Defendant objects to the allegations contained in paragraph 12 of the plaintiff's complaint, as it contains legal conclusions and therefore requires no response; however, without waiving said objection, Defendant denies the same.

## COUNT II

13. Defendant denies that this court has exclusive jurisdiction. Defendant admits the remaining allegations contained in paragraph 13 of the plaintiff's complaint.

14. Defendants hereby incorporate paragraphs one (1) through twelve (12) as if they were fully set forth here in Count II of the answer.

15. Defendant denies it established a plan for Taylor Chicago's employees. Defendant admits the remaining allegations contained in paragraph 15 of the plaintiff's complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the plaintiff's complaint, as such Defendant denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's complaint.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 16 of the plaintiff's complaint, as such Defendant denies the same.

19. Defendant admits the email exchange referred to in paragraph 19, however, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the plaintiff's complaint.

20. Defendant denies the allegations contained in paragraph 20 of the plaintiff's complaint.

## **AFFIRMATIVE DEFENSES**

Defendants, by counsel, state the following affirmative defenses in support of their answer to the plaintiff's complaint:

1. Failure to mitigate damages.
2. Estoppel.
3. Laches.
4. Waiver.
5. Failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(B)(6)
6. Failure to join a party under Rule 19 pursuant to Federal Rule 12(B)(7)
7. Lack of personal jurisdiction

WHEREFORE, the defendant, by counsel, respectfully request the court to enter judgment in their favor based on one of their affirmative defenses and to award the defendants any other relief they may be entitled to in this action

Respectfully submitted,

SPELLMIRE & SOMMER


By: _____/s_____

James W. Davidson


Thomas W. Vander Luitgaren
VAN VALER LAW FIRM
299 West Main Street
Greenwood, IN  46142

James W. Davidson (#6281542)
SPELLMIRE & SOMMER
77 W. Wacker Drive
Suite 4800
Chicago, IL 60601
(312) 606-8721

(Local Counsel For Defendant)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following parties by electronic filing and via United States Mail, First Class and postage prepaid this 30th day of May, 2008.

Stephen B. Horwitz
SUGARMAN & HORWITZ, LLP
221 N. LaSalle St., Ste. 626
Chicago, IL 60601-1241

                                                                                               /s
                                                                             James W. Davidson

Thomas W. Vander Luitgaren
VAN VALER LAW FIRM
299 West Main Street
Greenwood, IN   46142

James W. Davidson
SPELLMIRE & SOMMER
77 W. Wacker Drive
Ste. 4800
Chicago, IL  60601
(as local counsel for Defendant)