UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA KOLAKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 1417 |
| | ) | |
| TAYLOR DISTRIBUTORS OF | ) | Magistrate Judge Mason |
| INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a)(2), Fed. R. Civ. P., the plaintiff, by her attorney, Stephen B. Horwitz, hereby moves that she be granted leave of court to file her First Amended Complaint, and in support of this motion represents as follows:

1. Plaintiff commenced this action by filing her complaint on March 10, 2008. The original complaint sounded in two counts: Count I alleges that defendant violated the those provisions of the Employee Retirement Security Act (ERISA), which require that upon termination of employment an employee, who had been covered by a health insurance program as the time of termination, be given the opportunity, by way of written notices, that she could elect to continue health insurance coverage. The ERISA provisions that impose a statutory duty on an employer to extend to an employee to continue health care coverage are commonly referred to a "COBRA." 29 U.S.C. § 1161, *et seq.* Count II also arises under ERISA, and alleges that defendant's failure to provide plaintiff with COBRA notices that would have allowed her the opportunity to continue health care coverage, was in retaliation for a formal complaint plaintiff had made to the United States Department of Labor about fiduciary breaches by defendant in connection with a 401(k)

plan in which plaintiff participated. Consequently, defendant violated 29 U.S.C. § 1140.

2. Pursuant to an order entered by Judge Castillo on May 6, 2008, defendant was given until June 2, 2008 to file answer or otherwise plead. On May 30, 2008, defendant's attorneys filed their appearances and a motion to dismiss, under 12(b)(6), 12(b)(2) (lack of personal jurisdiction), and 12(b)(7) (failure to join a party under Rule 19). (Defendants also electronically filed a Notice of Filing of its Answer and Affirmative Defenses; however, as of May 31, 2008, that pleading has not been served on plaintiff's attorney, either electronically or otherwise.)

3. The Rule 12(b)6) motion to dismiss contends that plaintiff was allegedly not employed by defendant, Taylor Distributors of Indiana, Inc., but was an employee of Taylor Chicago. Paragraphs 3 and 4 of the original complaint, however, allege otherwise:

> "3. As of the date of the termination of plaintiff's employment, on or about June 8, 2007, the Elk Grove Village facility where plaintiff was employed maintained a corporate existence under the name of Taylor Chicago Distributors, Inc. ("Taylor Chicago"), but on or about November 9, 2007, the Illinois Secretary of State involuntarily dissolved Taylor Chicago. Upon information and belief, during times material to the allegations of this complaint: (a) Taylor Chicago was a wholly owned subsidiary of the defendant Taylor Indiana, (b) Taylor Chicago and Taylor Indiana had common officers, (c) Taylor Indiana exercised control over employment related matters with respect to those of its employees who were employed at Taylor Indiana's facility in Elk Grove Village, (d) Taylor Indiana was responsible for, but defaulted that responsibility in plaintiff's case, in initiating, processing or issuing continuation of health insurance required by COBRA.

> "4. *** Upon information and belief, during all times material to the allegations of this complaint, the defendant, Taylor Indiana, has been the "plan sponsor" – as that term is used in ERISA § 601(a), 29 U.S.C. § 1161(a) – of the Aetna Small Group PPO. As plan sponsor, Taylor Indiana, the employer maintaining the Aetna Small

> Group PPO on behalf of employees of both Taylor Indiana and Taylor Chicago, employed 20 or more employees. Consequently, prior to Taylor Chicago's dissolution, Taylor Indiana and Taylor Chicago were joint employers."

4. Defendant's bare-bones 12(b)(6) motion is hardly the procedure to resolve whether plaintiff was an employee of Taylor Indiana for ERISA purposes, and/or whether plaintiff was employed jointly by Taylor Indiana and Taylor Chicago. A motion under Rule 12(b)(6) tests the legal sufficiency of the claim for relief, and is typically not appropriate to resolve a fact-based question. *McMillan, v. Collection Professionals, Inc.*, 455 F.3d 754 (7th Cir. 2006); *see generally, Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965-66 (2007) (a plaintiff must "provide the grounds of his entitlement to relief" by saying enough to "raise a right to relief above the speculative level"), and *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (but "[s]pecific facts are not necessary"). Employment status, in particular, is a fact-specific question. *Salmon v. Our Lady of Victory Hospital*, 514 F.3d 217 (2nd Cir. 2008).

5. Although ¶ 9 of the original complaint (along with Exhibit B), already alleges that defendant Taylor Indiana, through its president, Kyle Witmer, assumed responsibility for COBRA notifications, one of the new allegations of the proposed First Amended Complaint, to be found in ¶ 3(d), includes additional allegations about the control that Taylor Indiana, and its president, Kyle J. Witmer, exercised in connection with the employee benefit plans in which plaintiff participated.

6. Additionally, plaintiff seeks, by way of this motion, to add two additional counts (Counts III and IV), both of which allege additional violations by defendant of its obligations under ERISA. Both of these proposed counts arise under ERISA § 104(b)(4), 29 U.S.C. §

1024(b)(4), which provides in material part as follows:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report . . . trust agreement, contract or other instruments under which the plan is established or operated.

7. Proposed Count III alleges that on February 25, 2008 a demand was made on plaintiff's behalf by her attorney, directed to Taylor Indiana, requesting that plaintiff be provided with governing instruments pertaining to the administration and operation of the Aetna Small Group PPO, including the Summary Plan Description ("SPD") and Trust Agreement.[1] Defendant, however, has not, to date, not provided these documents to plaintiff, when by statute plaintiff was entitled to these documents within 30 days of her request of February 25.

8. Proposed Count IV is nearly identical to Count III, except that it pertains to the failure by the defendant, as the Administrator of the Taylor Chicago Distributors, Inc., 401(k) Plan, to heed plaintiff's written demand, also dated February 25, 2008, to provide plaintiff with governing instruments pertaining to the administration and operation of the Taylor Chicago Distributors, Inc., 401(k) Plan, SPD and Trust Agreement included.

9. Just as a violation of ERISA's COBRA notification requirements (as alleged in Count I), allows a Court to assess a $110 day penalty against a defaulting party, an incalcitrant party, *i.e.*, like defendant, that does not heed a request to provide a participant with governing plan documents, can also be penalized in the amount of a $110 per day. Consequently, in proposed Counts III and IV, as in existing Counts I and II, plaintiff seeks vindication for the

---

[1] Taylor Indiana is the administrator of the Aetna Small Group PPO, either as a matter of fact, or as the default administrator, as provided for in ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A). Proposed Count III, ¶ 24.

defendant's wilful violation of her rights under ERISA.

Wherefore the plaintiff requests that she be granted leave to file her First Amended Complaint, which, pursuant to Rule 15(a) will serve the interests of justice.

Respectfully submitted,

*/s/ Stephen B. Horwitz*
Stephen B. Horwitz
Attorney for Plaintiff

Sugarman & Horwitz, LLP
221 N. LaSalle St., Ste. 626
Chicago, IL  60601-1241
(312) 629-2920