UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA KOLAKOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 1417 |
| | ) | |
| TAYLOR DISTRIBUTORS OF | ) | Magistrate Judge Mason |
| INDIANA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

FIRST AMENDED COMPLAINT

The plaintiff, by her attorney, Stephen B. Horwitz, complains against the defendant as
follows:

COUNT I

1.     This action is brought under § 501(a)(1)(A) of the Employee Retirement Income
Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(A), to enforce plaintiff's rights under the group
health plan continuation of coverage sections of ERISA, 29 U.S.C. § 1161, *et seq*., commonly
known as "COBRA." This court has exclusive jurisdiction to entertain this action pursuant to
ERISA § 502(e)(1), and venue lies within this judicial district, pursuant to ERISA § 502(e)(2),
because this is where the statutory breaches complained of have taken place.

2.     The plaintiff, Cynthia Kolakowski, resides in Elgin, Illinois, within this judicial
district, and, until the termination of her employment with the defendant, on or about June 8,
2007, plaintiff was an employee of the defendant, working at defendant's facility located in Elk
Grove Village, Illinois.

3.     The defendant, Taylor Distributors of Indiana, Inc. ("Taylor Indiana"), is an

Indiana corporation, and maintains its principal place of business in Greenwood, Indiana. As of

the date of the termination of plaintiff's employment, on or about June 8, 2007, the Elk Grove

Village facility where plaintiff was employed maintained a corporate existence under the name of

Taylor Chicago Distributors, Inc. ("Taylor Chicago"), but on or about November 9, 2007, the

Illinois Secretary of State involuntarily dissolved Taylor Chicago. Upon information and belief,

during times material to the allegations of this complaint: (a) Taylor Chicago was a wholly

owned subsidiary of the defendant Taylor Indiana, (b) Taylor Chicago and Taylor Indiana had

common officers, (c) Taylor Indiana exercised control over employment related matters with

respect to those of its employees who were employed at Taylor Indiana's facility in Elk Grove

Village, (d) Taylor Indiana's president, Kyle J. Witmer, has been the trustee of the Taylor

Chicago Distributors, Inc., 401(k) Plan, and Taylor Indiana has been the administrator of the

Taylor Chicago Distributors, Inc., 401(k) Plan, and/or (e) Taylor Indiana was responsible for, but

defaulted that responsibility in plaintiff's case, in initiating, processing or issuing continuation of

health insurance required by COBRA.

      4.     During times material to the allegations of this complaint, one of the employment

related matters of Taylor Chicago over which Taylor Indiana exercised control was the provision

of health insurance benefits for Taylor Chicago employees. Employees of both Taylor Indiana

and Taylor Chicago, including the plaintiff, were covered by a "group health plan," as that term

is defined by ERISA § 607(1), known as the Aetna Small Group PPO (Grp. No. 464624-58-000).

Upon information and belief, during all times material to the allegations of this complaint, the

defendant, Taylor Indiana, has been the "plan sponsor" – as that term is used in ERISA § 601(a),

29 U.S.C. § 1161(a) – of the Aetna Small Group PPO.  As plan sponsor, Taylor Indiana, the

employer maintaining the Aetna Small Group PPO on behalf of employees of both Taylor

Indiana and Taylor Chicago, employed 20 or more employees. Consequently, prior to Taylor

Chicago's dissolution, Taylor Indiana and Taylor Chicago were joint employers.

5.       As an employee of the defendant, Taylor Indiana, plaintiff had enrolled in the

Aetna Small Group PPO. By virtue of her participation in the Aetna Small Group PPO, plaintiff

was a "covered employee," as that term is defined by ERISA § 607(2). For purposes of ERISA's

notice requirements, plaintiff was also a "qualified beneficiary" by virtue of ERISA § 607(3)(B).

6.       Plaintiff's termination of employment, on or about June 8, 2007, constituted a

"qualifying event" under ERISA § 603(2), 29 U.S.C. § 1163(2), and her termination of employ-

ment was not due to any misconduct on her part.

7.       At all times material to the allegations of this complaint, plaintiff resided at

1341 Providence Circle, Elgin, Illinois 60120, and plaintiff's address was on record with the

defendant. On or about December 1, 2007, plaintiff received from Aetna, the insurance carrier for

defendant's group health plan, a Certificate of Prior Health Coverage, dated November 23, 2007,

which informed plaintiff that her coverage under the Taylor Indiana group health plan had

terminated three months earlier, on September 1, 2007. (Attached hereto as Exhibit A is the

Certificate of Prior Coverage dated 11/23/07.) As of December 1, 2007, nearly six months

following the termination of her employment with defendant, plaintiff had not received the notice

required by ERISA § 606(a)(2), 29 U.S.C. § 1166(a)(2).

8.       Pursuant to ERISA § 606(a)(2), and within 30 days of plaintiff 's termination

from defendant's employ, or no later than July 8, 2007, defendant was obligated to notify the

administrator of the Aetna Small Group PPO  – the group health plan that had provided coverage

3

to plaintiff – about the occurrence of the qualifying event described in ¶ 6 hereof.  In turn, pursuant to ERISA § 606(a)(4)(A), and within 14 days after the Aetna Small Group PPO administertor's receipt of the notice required by ERISA § 606(a)(2), or no later than July 22, 2007, the administrator would have had to notify plaintiff of her right to "continuation of coverage" under the Aetna Small Group PPO, as that term is defined by ERISA §§ 601(a) and 602(1)(2).

9.      On or about December 5, 2007, shortly after her receipt of the Certificate of Prior Coverage, as alleged in ¶ 7 hereof, plaintiff notified one of defendant's officers, Kory Witmer, that her coverage under the Aetna Small Group PPO had lapsed, but that plaintiff had never received the required COBRA continuation notice.  On or about January 7, 2008, plaintiff once again inquired of defendant about the lapsed status of coverage under the Taylor Indiana group health plan, by forwarding an e-mail to Kory Witmer. On January 8, 2008, Kory Witmer responded to plaintiff's e-mail of the previous day, stating in material part as follows:

> Kyle [Witmer, defendant's president] assumed after three months
> you would have health coverage thru your new employer, and was
> very lax about sending you the cobra forms, which was completely
> our fault, and we will make right, you have my word on that.

(Attached hereto as Exhibit B are the e-mails between plaintiff and defendant, dated 1/7-8/08.)

10.      Defendant's alleged continuation of plaintiff's health care coverage, through August 2007, under defendant's group health plan, i.e., the Aetna Small Group PPO – which plaintiff knew nothing about until being so advised in Kory Witmer's e-mail of January 8, 2008 – did not relieve defendant of the obligation to provide the statutory notifications required by ERISA § 606.  Had plaintiff received notification of her right to elect to continue coverage she would have opted for such coverage.

4

11.    By defendant's failure to notify the plan administrator of the Taylor Indiana Aetna Small Group PPO, within 30 days following plaintiff's termination of employment on June 8, 2007, then, pursuant to ERISA § 3(A)(ii), 29 U.S.C. § 1002(16)(A)(ii), defendant, as plan sponsor, assumed the role of plan administrator. Upon information and belief, Aetna Insurance was not the administrator of the Aetna Small Group PPO because in the Certificate of Prior Coverage (Exhibit A attached hereto), that Aetna Insurance forwarded to plaintiff, Aetna directed plaintiff to "contact the plan administrator" about information relating to the Certificate.

12.    As a direct and proximate cause of defendant's failure to provide the required COBRA notices to plaintiff and/or the administrator of defendant's group health care plan, as required by ERISA §§ 606(1)(a), 602(1)(2), and 606(a)(4)(A), plaintiff has been deprived of the opportunity to make an election of continuation coverage that she was entitled to under ERISA § 602. Consequently, plaintiff has incurred, and will continue to incur, medical expenses that otherwise would have been covered under the Taylor Indiana group health plan, because had plaintiff been afforded the opportunity to elect continuation of health care coverage she would have exercised her right for continuation of coverage.

WHEREFORE, plaintiff prays that on account of defendant's violations of COBRA, as set forth in Count I herein, that judgment be entered in her favor and against defendant, as follows:

A.  That the Court declare that defendant violated, *inter alia*, ERISA §§ 606(1)(a), 602(1)(2), and 606(a)(4)(A), when defendant failed to initiate the COBRA notification procedures that would have afforded plaintiff the opportunity to elect continuation of coverage under the Taylor Indiana group health plan.

5

B.  That the Court order defendant to reimburse plaintiff for all medical expenses she has and will incur during the 18 month period ending December 8, 2008, expenses that would otherwise have been covered by the Taylor Indiana group health plan had defendant not deprived plaintiff the opportunity to elect coverage under that group health plan.

C.  That the Court order defendant to reimburse plaintiff for all medical expenses she will incur for 36 month following the qualifying event, or until June 8, 2010, in the event that prior to December 8, 2008, another qualifying event occurs, pursuant to ERISA § 602(2)(A)(ii).

D.  That the Court order defendant to pay to plaintiff $110 per day pursuant to ERISA § 502(c)(1), and 29 C.F.R. § 2575.502c-2, for each day since July 8, 2007, for defendant's failure to provide plaintiff with the required COBRA notices.

E.  That the Court order defendant to pay reasonable attorney's fees to plaintiff's attorney, and that defendant be taxed with the cost of this action, pursuant to ERISA § 502(g)(1).

F.  That the Court order such other and further relief as it deems just.

COUNT II

13.     Count II of this complaint is brought under § 501(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), to redress the violation of plaintiff's rights under ERISA § 510, 29 U.S.C. § 1140.  This court has exclusive jurisdiction to entertain this action pursuant to ERISA § 502(e)(1).

14.     Plaintiff re-alleges and incorporates by reference paragraphs 2 through 12, inclusive, of Count I, as allegations of Count II.

15.     In or about July 2005, the defendant established a "defined contribution plan," as that term is defined by ERISA § 3(34), that was commonly known as the Taylor Chicago

6

Distributors, Inc. 401(k) Plan (the "401(k) Plan"). Contemporaneous with the establishment of the 401(k) Plan, another individual account plan of the profit sharing variety that was maintained by defendant was terminated, and assets in the individual accounts of profit sharing plan participants were rolled-over into the appropriate individual accounts of 401(k) Plan participants. Plaintiff had been a participant of the profit sharing plan, and upon the establishment of the 401(k) Plan, she became a participant in that Plan. Upon information and belief, Fidelity Investment was the custodian of 401(k) Plan assets and defendant, or defendant's president, Kyle Witmer, was the 401(k) Plan administrator.

16.     In or about the 1st quarter of 2007, plaintiff learned that since in or about the 3rd quarter of 2005, 401(k) contributions that were regularly deducted from the pay checks of defendant's employees who were 401(k) Plan participants, plaintiff included, had not been remitted by defendant to Fidelity Investment, nor had defendant made its share of 401(k) Plan contributions on behalf of 401(k) Plan participants. On or about March 16, 2007, a day when defendant's president, Kyle Witmer was at defendant's Elk Grove Village facility for business meetings, plaintiff informed Witmer that she had learned about defendant's failure to remit 401(k) Plan contributions, both those made by participants and those that were required to be made by the defendant, to Fidelity Investments. Witmer, however, provided answers to plaintiff's inquiries about the 401(k) Plan that were neither responsive nor truthful.

17.     After her conversation with Witmer, as alleged in ¶ 16 hereof, plaintiff contacted the Employee Benefits Security Administration ("EBSA") of the United States Department of Labor ("DOL"), and complained about the defalcation by defendant of 401(k) Plan contributions. (Attached hereto as Exhibit C is the e-mail communication between plaintiff and the EBSA.)

7

18    Prior to her complaint to EBSA about defendant's failure to make and remit contributions to the 401(k) Plan, plaintiff had been a highly regarded employee among defendant's officers and managers. Thereafter, however, plaintiff began to be criticized by her supervisors, and on at least one occasion following her complaint to the EBSA, Mark Galyean a manager for defendant, informed plaintiff that she should not have complained to the government about the 401(k) Plan.

19.    On or about May 25, 2007, plaintiff submitted her notice of resignation to defendant that would take effect two weeks hence, or on or about June 8, 2007. On or about June 4, 2008, plaintiff, made an e-mail inquiry to defendant about COBRA continuation, and later that day defendant's president, Kyle Witmer, informed plaintiff that she would be covered by health insurance until the end of the month, *i.e.*, June, 2007, and that defendant "will get you COBRA information for any additional months." (Attached hereto as Exhibit D are the e-mail exchanges between plaintiff and defendant of 6/4-5/07.)

20.    As more fully explained in ¶¶ 8-11 of Count I of this complaint, defendant never provided to plaintiff the continuation of health insurance notification as required by COBRA. Upon information and belief, defendant's failure to provide plaintiff with the continuation of health insurance notification as required by COBRA, was, in whole or in part, in retaliation for plaintiff's complaint to ESBA as alleged in ¶ 17 hereof. By its failure to provide plaintiff with continuation of health insurance notification as required by COBRA, defendant "discriminated" against plaintiff, and defendant thereby interfered with and prevented plaintiff, as a participant in the Taylor Indiana Aetna Small Group PPO, from exercising her right to elect and secure continuation of health insurance coverage, all in violation of ERISA § 510.

WHEREFORE, plaintiff prays that on account of defendant's violations of ERISA § 510, as set forth in Count II herein, that judgment be entered in her favor and against defendant, as follows:

A. That the Court declare that defendant violated ERISA § 510, when defendant failed to initiate the COBRA notification procedures that would have afforded plaintiff the opportunity to elect continuation of coverage under the Taylor Indiana Aetna Small Group PPO, because plaintiff had complained to EBSA about defendant's 401(k) Plan.

B. That the Court order defendant to reimburse plaintiff for all medical expenses she has and will incur during the 18 month period ending December 8, 2008, expenses that would otherwise have been covered by the Taylor Indiana group health plan had defendant not deprived plaintiff the opportunity to elect coverage under that group health plan, because plaintiff had complained to  EBSA about defendant's 401(k) Plan.

C. That the Court order defendant to reimburse plaintiff for all medical expenses she will incur during any and all periods she would otherwise have been entitled to the continuation of health insurance coverage as required by COBRA, but which continuation of coverage plaintiff was unable to elect and secure on account of defendant's violation of ERISA § 510.

D. That the Court order defendant to pay reasonable attorney's fees to plaintiff's attorney, and that defendant be taxed with the cost of this action, pursuant to ERISA § 502(g)(1).

E. That the Court order such other and further relief as it deems just.

## COUNT III

21.    Count III of this complaint is brought under § 501(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), to redress the violation of

9

plaintiff's rights under ERISA § 501(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), and ERISA §

104(b)(4), 29 U.S.C. § 1024(b)(4). This court has exclusive jurisdiction to entertain this action

pursuant to ERISA § 502(e)(1).

22.    Plaintiff re-alleges and incorporates by reference paragraphs 2 through 5, and

paragraph 11, of Count I, as allegations of Count III.

23.    ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), defines the term "administrator" to

mean, *inter alia*:

> (i) the person specifically so designated by the terms of the
> instrument under which the plan is operated;
> (ii) if an administrator is not so designated, the plan sponsor . . .

24.    Upon information and belief, during her employment with defendant, and

thereafter, including as of the date of filing this First Amended Complaint, defendant did not

provide plaintiff with a Summary Plan Description ("SPD"), and plaintiff did not know the actual

identity of the administrator of the Aetna Small Group PPO. Consequently, defendant became the

default administrator of the Aetna Small Group PPO.

25.    ERISA § 104(b)(4) provides in material part as follows:

> The administrator shall, upon written request of any participant or
> beneficiary, furnish a copy of the latest updated summary plan
> description, and the latest annual report . . . trust agreement, con-
> tract or other instruments under which the plan is established or
> operated.

26.    By letter dated February 25, 2008, plaintiff, by her attorney, Stephen B. Horwitz,

made the following written demand upon the defendant:

> On Ms. Kolakowski's behalf, and pursuant to ERISA § 104(b)(4),
> I am requesting that she be provided with the following plan
> documents as they relate to the referenced Aetna Small Group

10

PPO: Summary Plan Description and Trust Agreement, and all other documents under which the Taylor Aetna Small Group PPO Plan is established or operated. (Attached hereto as Exhibit E is a copy of the letter of 2/25/08 requesting governing instruments of the Taylor Aetna Small Group PPO.)

27.    As of the date of the filing of this First Amended Complaint, more than 95 days have elapsed since defendant's receipt of the letter of demand, referenced in ¶ 26. However, to date defendant has failed to provide the documents requested in that letter, *to wit*, the SPD, Trust Agreement, and all other documents under which the Taylor Aetna Small Group PPO Plan is established or operated, which failure is in violation of ERISA § 104(b)(4).

WHEREFORE, plaintiff prays that on account of defendant's violations of ERISA as set forth in Count III herein, that judgment be entered in her favor and against defendant, as follows:

A.  That the Court order defendant to pay to plaintiff $110 per day pursuant to ERISA § 502(c)(1), and 29 C.F.R. § 2575.502c-2, for each day since March 25, 2008, for defendant's failure to provide plaintiff with the SPD, Trust Agreement, and all other documents under which the Taylor Aetna Small Group PPO Plan is established or operated

B.  That the Court order defendant to pay reasonable attorney's fees to plaintiff's attorney, and that defendant be taxed with the cost of this action, pursuant to ERISA § 502(g)(1).

C.  That the Court order such other and further relief as it deems just.

COUNT IV

28.    Count III of this complaint is brought under § 501(a)(3) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), to redress the violation of plaintiff's rights under ERISA § 501(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), and ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4). This court has exclusive jurisdiction to entertain this action

11

pursuant to ERISA § 502(e)(1).

29.    Plaintiff re-alleges and incorporates by reference paragraphs 2 through 5 of Count

I, and paragraph 25 of Count III, as allegations of Count IV.

30.    By letter dated February 25, 2008, plaintiff, by her attorney, Stephen B. Horwitz,

made the following written demand upon Taylor Distributors of Indiana, Administrator of the

Taylor Chicago Distributors, Inc. 401(k) Plan, *to wit*:

> On Ms. Kolakowski's behalf, and pursuant to ERISA § 104(b)(4),
> I am requesting that the 401(k) Plan provide her with the following
> plan documents as they relate to the Taylor Chicago Distributors,
> Inc. 401(k): Summary Plan Description, Trust Agreement, Annual
> Report for the years 2006 and 2006, and all other documents under
> which the Taylor Chicago Distributors, Inc. 401(k) is established or
> operated. (Attached hereto as Exhibit F is a copy of the letter of
> 2/25/08 requesting governing instruments of the Taylor Chicago
> Distributors, Inc. 401(k) Plan.)

31.    As of the date of the filing of this First Amended Complaint, more than 95 days

have elapsed since defendant's receipt of the letter of demand, referenced in ¶ 30. However, to

date defendant, as Administrator of the Taylor Chicago Distributors, Inc. 401(k) Plan, has failed

to provide the documents requested in that letter, *to wit*, the SPD, Trust Agreement, and all other

documents under which the Taylor Chicago Distributors, Inc. 401(k) Plan is established or

operated, which failure is in violation of ERISA § 104(b)(4).

WHEREFORE, plaintiff prays that on account of defendant's violations of ERISA as set

forth in Count IV herein, that judgment be entered in her favor and against defendant, as follows:

A.  That the Court order defendant to pay to plaintiff $110 per day pursuant to ERISA §

502(c)(1), and 29 C.F.R. § 2575.502c-2, for each day since March 25, 2008, for defendant's

failure to provide plaintiff with the SPD, Trust Agreement, and all other documents under which

the Taylor Chicago Distributors, Inc. 401(k) Plan is established or operated

     B.  That the Court order defendant to pay reasonable attorney's fees to plaintiff's attorney,

and that defendant be taxed with the cost of this action, pursuant to ERISA § 502(g)(1).

     C.  That the Court order such other and further relief as it deems just.

                         Respectfully submitted,

                         Stephen B. Horwitz
                         Attorney for Plaintiff

Sugarman & Horwitz
221 N. LaSalle St., Ste. 626
Chicago, IL   60601-1241
(312) 629-2920



AETNA INC.      (SGB)
151 FARMINGTON AVENUE, RE51
HARTFORD,      CT   06156

829214 J13SHJZ   058428

# Certificate of Prior Health Coverage

CINDY A KOLAKOWSKI
1341 PROVIDENCE CIRCLE
ELGIN IL 60120-5074

0464624-010-00000

Illallilmilallilhildilhidildilldildildidillllad

### * IMPORTANT *
### KEEP THIS CERTIFICATE.

This certificate provides evidence of your coverage under this plan.  Under a federal law known as HIPAA, you may need evidence of your coverage to reduce a preexisting condition exclusion period under another plan, to help you get special enrollment in another plan, or to get certain types of individual health coverage even if you have health problems.

If you are receiving this Certificate of Creditable Coverage because your group coverage has ended, other continuation options may be available. Refer to your Plan Documents for information on Continuation.

| Date Certificate Prepared | Name of Participant | | Identification Number of Participant |
|---|---|---|---|
| 11/23/07 | CINDY A KOLAKOWSKI | | W104842382 |

| Name of Group Health Plan (if applicable) |
|---|
| TAYLOR DISTRIBUTORS OF INDIANA |

### Prior Health Coverage Summary

| Name of Person(s) Certificate Applies To | Coverage Waiting Period | Creditable Coverage Period | Coverage Stop Date |
|---|---|---|---|
| CINDY A KOLAKOWSKI | 1-MONTH | AT LEAST 18 MONTHS | 09/01/07 |

In accordance with Federal Legislation, this Certificate of Prior Health Coverage is being issued as evidence that the persons named were covered under the named Health Plan in a benefit option which was either underwritten or administered by Aetna. If any of the information on this certificate is incorrect, contact the plan administrator.

If your prior coverage, as evidenced on this form, was under an employer's Group Health Plan, and you continue to be enrolled under the named employer's Group Health Plan (either under an Aetna plan or another carrier's plan offered by the named employer), no action is required on your part.

If you no longer have coverage under the named individual plan or under the named employer's Group Health Plan, you should keep this certificate.  Should you enroll in a new Group Health Plan that applies a preexisting condition exclusion, you will need to present a copy of this certificate as proof of prior coverage.

This certificate was issued by: Aetna

If you have any questions concerning this certificate or require further information call:  1-888-266-5521



EXHIBIT
A

08 C 1417

JUDGE CASTILLO
MAGISTRATE JUDGE MASON



From: Cindy Kolakowski <cindyk@flexsourceone.com>

To: Kory Witmer <kwitmer@taylorchicago.com>
Cc:

Date: Wednesday, January 09, 2008 08:56 am
Subject: Re: Cobra Coverage

Kory,

At least I would have health insurance now.  Before I left Taylor I emailed both you and Kyle
expressing my wishes for Cobra Coverage per my email dated 06/04/07.  I did receive an
email from Kyle telling me he would get me whatever Cobra Information I needed.  I never saw
it.

Cindy Kolakowski <br>
FlexSource, LLC <br>
630-782-0633

>-----Original Message-----
>From: Kory Witmer [mailto:kwitmer@taylorchicago.com]
>Sent: Wednesday, January 9, 2008 07:48 AM
>To: 'Cindy Kolakowski'
>Subject: Re: Cobra Coverage
>
>That's fine, believe what you want.. If we would have dropped you from
>insurance right away, and you would have had to pay the high Cobra
>premium, you would have switched insurance long ago.. Since we were
>paying, by our own fault or not, you were content to let it go.. I am
>not at all saying we were not at fault, we were, and once again we left
>the door open to have someone take advantage.. I guess three months of
>free health coverage was worthless because we didn't "mean to".. I am
>forwarding to Kyle, and I will tell him you two need to communicate
>directly.
>
>Cindy Kolakowski wrote:
>>
>> Kory,
>>
>> I beg to differ with you on going Way beyond anything you legally had
>> to do. If you would have gone according to HIPAA laws governing
>> terminations like the rest of the country (somehow you people think
>> you are exempt from our country's laws), everything would be fine. I
>> never asked you to pay for my health insurance for June, July and
>> August. The only reason you paid is because of your own
>> ineffeciencies in Human Resources. You are lucky I have not already
>> gone (once again for my protection) to the Department of Labor.
>>
>>
>> Cindy Kolakowski <br>
>> FlexSource, LLC <br>
>> 630-782-0633
>>
>> >-----Original Message-----
>> >From: Kory Witmer [mailto:kwitmer@taylorchicago.com]
>> >Sent: Tuesday, January 8, 2008 10:31 AM
>> >To: 'Cindy Kolakowski'
>> >Subject: Re: Cobra Coverage
>> >
>> >Yes Cindy I do want to get this taken care of,, I will call Kyle right
>> >now.. Cindy you make it sound like we intentionally are trying to screw
>> >you, which is not right.. We paid 100% of your health coverage for June,
>> >july, and august which was WAY beyond anything we legally had to do..
>> >Kyle assumed after three months that you would have health coverage thru
>> >your new employer, and was very lax about sending you the cobra forms,
>> >which was completely our fault, and we will make right, you have my word
>> >on that.. I will try to get some answers for you today cindy...
>> >Kory



EXHIBIT B



```
>> >
>> >Cindy Kolakowski wrote:
>> >> Hi Kory,
>> >>
>> >> Have you heard anything about my health coverage? It has now been a
>> >> month since I found out that I have been without health insurance
>> >> since 09/01/07. I really wish you could get this expedited because I
>> >> have already had to cancel one doctors appt. I would think since
>> >> Taylor Chicago is the reason I am in this predicament, they would feel
>> >> a sense of urgency to get this taken care of. Please advise.
>> >>
>> >> Cindy Kolakowski
>> >> FlexSource, LLC
>> >> 630-782-0633
>> >>
>> ------------------------------------------------------------------
>> >>
>> >> No virus found in this incoming message.
>> >> Checked by AVG Free Edition.
>> >> Version: 7.5.516 / Virus Database: 269.17.13/1213 - Release Date:
>> 1/7/2008 9:14 AM
>> >>
>> >
>>
>> ------------------------------------------------------------------
>>
>> No virus found in this incoming message.
>> Checked by AVG Free Edition.
>> Version: 7.5.516 / Virus Database: 269.17.13/1214 - Release Date: 1/8/2008 1:38 PM
>>
>
```

Attachments:




# U.S. Department of Labor
**Employee Benefits**
**Security Administration**



## www.dol.gov/ebsa

`Go` Search / A–Z Index

Find It!: By Topic | By Audience | By Top 20 Requested Items | By Form | By Organization | By Location

DOL > EBSA > Contact Us

## Contact Us

Thank-you for submitting your inquiry to the Employee Benefits Security Administration. Your request has been received and you should expect to be contacted by an agency representative within the next 5 working days.

Here are your responses:

| | |
|---|---|
| First Name: | **Cindy** |
| Last Name: | **Kolakowski** |
| Street Address: | **1341 Providence Circle** |
| Address 2: | |
| City: | **Elgin** |
| State/Province: | **Illinois** |
| Zip/Postal Code: | **60120** |
| Telephone: | **(800) 942-0769  ext 236** |
| Alternate Phone: | **(773) 510-5566  ext** |
| E-Mail: | **service@taylorchicago.com** |
| Your Inquiry: | **Taylor Chicago Distributors 401k 873 Cambridge Dr Elk Grove Village Illinois 60007 800-942-0769 no matching funds deposited in account since 3rd quarter of 2005 funds taken out of employees checks since Dec. 2006 not deposited in employees 401k accounts** |

About EBSA

Compliance Assistance

Newsroom

Consumer Health Plan Information

Consumer Pension Plan Information

Forms & Document Requests

Laws and Regulations

Programs and Initiatives

Publications and Reports

Related Resources

Frequently Asked Questions

Contact Us

⏏Back to Top                                                     http://www.dol.gov/

Frequently Asked Questions | Freedom of Information Act | Customer Survey
Privacy & Security Statement | Disclaimers | E-mail to a Friend

**U.S. Department of Labor**
Frances Perkins Building
200 Constitution Avenue, NW
Washington, DC 20210

1.866.275.7922, TTY: 1.877.889.5627
Contact Us

Control #
06906

http://askebsa.dol.gov/form_1_results.asp                                    3/16/2007



EXHIBIT
C



## Cindy Kolakowski

**From:**    "Kyle Witmer" <kywitmer@taylorindiana.com>
**To:**    "Cindy Kolakowski" <service@taylorchicago.com>
**Sent:**    Tuesday, June 05, 2007 11:53 AM
**Subject:**    Re: Cobra

Cindy,

I am under the impression that you will be covered to the end of the month. I have asked for verification of that fact from my agent. We will also get you Cobra information for any additional months.

Kyle

> —— Original Message ——
> **From:** Cindy Kolakowski
> **To:** Kory Witmer
> **Cc:** Kyle Witmer
> **Sent:** Monday, June 04, 2007 8:38 AM
> **Subject:** Cobra
>
> Hi Kory,
>
> Can you tell me if my insurance will carry me to the end of the month? In addition, I will need to carry the Cobra Insurance for about a month after I leave.
>
> Cindy Kolakowski
> Taylor Chicago Distributors
> 800-942-0769 x236

No virus found in this incoming message.
Checked by AVG Free Edition.
Version: 7.5.472 / Virus Database: 269.8.9/832 - Release Date: 6/4/2007 6:43 PM

6/5/2007



# SUGARMAN & HORWITZ, LLP

*Attorneys at Law*

221 N. LaSalle Street, Suite 626
Chicago, IL 60601-1241
Tel: 312.629.2920
Fax: 312.629.2930

ROBERT S. SUGARMAN
STEPHEN B. HORWITZ

OF COUNSEL:
HOWARD H. ANKIN

February 25, 2008

Taylor Distributors of Indiana
Attn: Kyle Witmer
948 Sayre Drive
Greenwood, Indiana 46143

Re: Cynthia Kolakowski
SSN: *** ** 3542

Dear Mr. Witmer:

I represent Cynthia Kolakowski, a former employee of Taylor Chicago, who had been a participant in the Aetna Small Group PPO (Grp 464624-58-000), offered to Taylor Chicago employees. On Ms. Kolakowski's behalf, and pursuant to ERISA § 104(b)(4), I am requesting that she be provided with the following plan documents as they relate to the referenced Aetna Small Group PPO: Summary Plan Description and Trust Agreement, and all other documents under which the Taylor Aetna Small Group PPO Plan is established or operated.

Failure to provide these documents within 30 days of this request can result in the imposition of a $100 a day penalty under ERISA § 502(c)(1). Consequently, prompt attention to these requests will be appreciated.

Enclosed is an authorization signed by Ms. Kolakowski that the requested documents be released to me as her attorney.

Very truly yours,

Stephen B. Horwitz


EXHIBIT
E
tabbies

**SUGARMAN & HORWITZ, LLP**

I, Cynthia Kolakowski, hereby authorize and direct Taylor Distributors of Indiana and/or the Administrator of the Taylor Distributors of Indiana Aetna Small Group PPO (Grp 464624-58-000) to provide to my attorney, Stephen B. Horwitz, the following documents related to the Taylor Distributors of Indiana Aetna Small Group PPO: Summary Plan Description, Trust Agreement, and all other documents under which the Taylor Distributors of Indiana Aetna Small Group PPO is established or operated.

Cynthia Kolakowski

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

Dated: February 25, 2008

# SUGARMAN & HORWITZ, LLP

*Attorneys at Law*

221 N. LaSalle Street, Suite 626
Chicago, IL 60601-1241
Tel: 312.629.2920
Fax: 312.629.2930

ROBERT S. SUGARMAN
STEPHEN B. HORWITZ

OF COUNSEL:
HOWARD H. ANKIN

February 25, 2008

Taylor Chicago Distributors, Inc. 401(k)
c/o Taylor Distributors of Indiana, Administrator
Attn: Kyle Witmer
948 Sayre Drive
Greenwood, Indiana 46143

    Re: Cynthia Kolakowski
    SSN: *** ** 3542

Dear Mr. Witmer:

    I represent Cynthia Kolakowski, a former employee of Taylor Chicago, and a participant in the Taylor Chicago Distributors, Inc. 401(k). On Ms. Kolakowski's behalf, and pursuant to ERISA § 104(b)(4), I am requesting that the 401(k) Plan provide her with the following plan documents as they relate to the Taylor Chicago Distributors, Inc. 401(k): Summary Plan Description, Trust Agreement, Annual Report for the years 2006 and 2006, and all other documents under which the Taylor Chicago Distributors, Inc. 401(k) is established or operated.

    Ms. Kolakowski has been advised by Fidelity Investments, the custodian of assets of the 401(k) Plan, that the requested documents can only be secured from the 401(k) Plan or the Plan Administrator. Please be advised that Taylor Chicago Distributors, Inc. 401(k) Plan's compliance with these document requests is required under ERISA § 502(c)(1), and failure to provide these documents within 30 days of this request can result in the imposition of a $100 a day penalty. Consequently, prompt attention to these requests will be appreciated.

    Enclosed is an authorization signed by Ms. Kolakowski that the requested documents be released to me as her attorney.

        Very truly yours,

        Stephen B. Horwitz



EXHIBIT
F

**SUGARMAN & HORWITZ, LLP**

I, Cynthia Kolakowski, hereby authorize and direct the Taylor Chicago Distributors, Inc. 401(k), Taylor Distributors of Indiana and/or the Administrator of the Taylor Chicago Distributors, Inc. 401(k) Plan to provide to my attorney, Stephen B. Horwitz, the following documents related to the Taylor Chicago Distributors, Inc. 401(k) Plan: Summary Plan Description, Trust Agreement, Annual Report for the years 2006 and 2006, and all other documents under which the Taylor Chicago Distributors, Inc. 401(k) is established or operated.

Cynthia Kolakowski
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

Dated: February 25, 2008