UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CYNTHIA KOLAKOWSKI, | ) |
| Plaintiff, | ) |
| vs. | ) 08 C 1417 |
| TAYLOR DISTRIBUTORS OF INDIANA, INC., | ) Judge Castillo<br>) Magistrate Judge Mason |
| Defendant. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Comes now the defendant, Taylor Distributors of Indiana, Inc., by counsel, and would submit herein its Answers and Affirmative Defenses to the plaintiff's First Amended Complaint.

## ANSWER

Comes now Taylor Distributors of Indiana, Inc., and for its Answer to the plaintiff's Complaint, would show the Court as follows:

## COUNT I

1. Defendant denies that this court has exclusive jurisdiction. Defendant admits the other allegations contained in paragraph 1 of the plaintiff's complaint.

2. Defendant denies that plaintiff was an employee of Taylor Distributors of Indiana, Inc. (Taylor Indiana). Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the plaintiff's complaint.

3. Defendant admits that Taylor Indiana is an Indiana Corporation and maintains its principal place of business in Greenwood, Indiana. Defendant denies that Taylor Chicago Distributors, Inc. (Taylor Chicago) was a wholly owned subsidiary of the Defendant, Taylor Indiana. Defendant denies that Taylor Chicago and Taylor Indiana had common officers. Defendant denies that Taylor Indiana exercised control over employment related matters at the facility in Elk Grove Village. Defendant denies that Kyle J. Witmer has been the trustee of the Taylor Chicago 401(k) Plan. Defendant denies that Taylor Indiana has been the administrator of

the Taylor Chicago 401(k) Plan. Defendant is without sufficient information to form a belief as to the truth of the allegations regarding responsibility for initiating, processing, or issuing continuation health insurance required by COBRA as it related to the Plaintiff and therefore denies the same.

4. Defendant denies that Taylor Indiana and Taylor Chicago were joint employers. Defendant denies that Taylor Indiana exercised control over health benefits for Taylor Chicago's employees. Defendant denies that Taylor Indiana has been the "plan sponsor" but admits employees from both Taylor Indiana and Taylor Chicago were covered by a group health plan. Upon information and belief, Defendant admits that Taylor Chicago Distributors, Inc. was administratively dissolved on or about November 9, 2007 for failure to file its annual report; however, it has since been reinstated. Defendant admits the other allegations contained in paragraph 4 of the plaintiff's complaint.

5. Defendant denies that plaintiff was an employee of Taylor Indiana. Defendant admits the remaining allegations contained in paragraph 5 of the plaintiff's complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the plaintiff's complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the plaintiff's complaint.

8. Defendant denies that July 8, 2007 was 30 days from Plaintiff's last day of employment and denies that Defendant employed Plaintiff. Defendant admits the other allegations contained in paragraph 8 of the plaintiff's complaint.

9. Defendant denies the Defendant employed Kory Witmer; denies that he was an officer of Defendant; and denies that Plaintiff was covered by the "Taylor Indiana" plan. Defendant admits the remaining allegations contained in paragraph 9 of the plaintiff's complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff was unaware of the Defendant's continuation of Plaintiff's health coverage. Defendant also lacks knowledge or information sufficient to form a belief as to

the truth of the allegations that had Plaintiff received timely notification of he right to elect, she would have so opted.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 11 and therefore denies same.

12. Defendant objects to the allegations contained in paragraph 12 of the plaintiff's complaint, as it contains legal conclusions and therefore requires no response; however, without waiving said objection, Defendant denies the same.

## COUNT II

13. Defendant denies that this court has exclusive jurisdiction. Defendant admits the remaining allegations contained in paragraph 13 of the plaintiff's complaint.

14. Defendant hereby incorporates paragraphs one (1) through twelve (12) as if they were fully set forth here in Count II of the answer.

15. Defendant denies it established a plan for Taylor Chicago's employees. Defendant admits the remaining allegations contained in paragraph 15 of the plaintiff's complaint.

16. Defendant denies that Kyle Witmer provided unresponsive or untruthful information to the Plaintiff. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the plaintiff's complaint and therefore denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's complaint.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the plaintiff's complaint and therefore Defendant denies the same.

19. Defendant admits that the email exchange occurred between the parties named therein, however, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the plaintiff's complaint and

therefore denies same.

20. Defendant denies the allegations contained in paragraph 20 of the plaintiff's complaint.

## COUNT III

21. Defendant denies that this court has exclusive jurisdiction. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the plaintiff's first amended complaint and therefore denies the same.

22. Defendant hereby incorporates by reference paragraphs two (2) through five (5), and paragraph eleven (11) of its answer as set forth fully herein.

23. Defendant admits the allegations contained in paragraph 23 of the plaintiff's First Amended Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to whether plaintiff received a copy of a Summary Plan Description or whether plaintiff knew the identity of the administrator of the Aetna Small Group PPO and therefore denies the same. Defendant denies that Taylor Indiana is the default administrator of Aetna Small Group PPO.

25. Defendant admits the allegations contained in paragraph 25 of the plaintiff's First Amended Complaint.

26. Defendant admits the allegations contained in paragraph 26 of the plaintiff's First Amended Complaint.

27. Defendant denies that Taylor Indiana is the administrator and therefore denies that it has violated ERISA § 104(b)(4). Defendant admits the remaining allegations contained in paragraph 27.

## COUNT IV

28. Defendant denies that this court has exclusive jurisdiction. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 of the plaintiff's first amended complaint and therefore denies the

same.

29. Defendant hereby incorporates by reference paragraphs two (2) through five (5), and paragraph twenty-five (25) of its answer as set forth fully herein.

30. Defendant denies that Taylor Indiana is the administrator of the Taylor Chicago's 401(k) plan. Defendant admits the remaining allegations contained in paragraph 30 of the plaintiff's First Amended Complaint.

31. Defendant denies that Taylor Indiana is the administrator of the Taylor Chicago's 401(k) plan and therefore denies that it has violated ERISA § 104(b)(4). Defendant admits the remaining allegations contained in paragraph 31.

### AFFIRMATIVE DEFENSES

Defendants, by counsel, state the following affirmative defenses in support of their answer to the plaintiff's complaint:

1. Failure to mitigate damages.
2. Estoppel.
3. Laches.
4. Waiver.
5. Failure to state a claim upon which relief can be granted pursuant to Federal Rule 12(B)(6).
6. Failure to join a party under Rule 19 pursuant to Federal Rule 12(B)(7).
7. Lack of personal jurisdiction.

WHEREFORE, the defendant, by counsel, respectfully request the court to enter judgment in their favor based on one of their affirmative defenses and to award the defendants any other relief they may be entitled to in this action

Respectfully submitted,

VAN VALER LAW FIRM, LLP

By: _____
Thomas W. Vander Luitgaren
Indiana Attorney No. 20416-43
299 West Main Street
Greenwood, IN 46142

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been duly served upon the following parties via United States Mail, First Class and postage prepaid this __11__ day of ___July___, 2008.

Stephen B. Horwitz
SUGARMAN & HORWITZ, LLP
221 N. LaSalle St., Ste. 626
Chicago, IL 60601-1241

Lisa Sommer
Spellmire & Sommer
77 W. Wacker Drive
Ste. 4800
Chicago, IL 60601
(as local counsel for Defendant)

_____
Thomas W. Vander Luitgaren

*VAN VALER LAW FIRM, LLP*
*299 West Main Street*
*Greenwood, Indiana 46142*
*Telephone: 317.881.7575*

F:\TAYLOR.DIS\Kolakowski\Answer to First Amended Complaint-FINAL.wpd